1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

8  RON DE LEON and ERNESTO FAJARDO,     Case No:  C 12-01637  SBA
   on behalf of themselves and all others
9  similarly situated and on behalf of the general   **ORDER GRANTING**
   public,                                            **MOTION TO REMAND**
10
                    Plaintiffs,                       Docket 11
11
              vs.
12
13  NCR CORPORATION, and DOES 1 through
    10, inclusive,
14
                    Defendants.
15

16        On February 21, 2012, Plaintiffs Ron De Leon and Ernesto Fajardo (collectively,

17  "Plaintiffs") filed the instant putative wage and hour class action against Defendant NCR

18  Corporation ("Defendant") in the Alameda County Superior Court.  Compl., Dkt. 1.  The

19  action was removed to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28

20  U.S.C. § 1332(d).  Notice of Removal, Dkt. 1.  The parties are presently before the Court

21  on Plaintiffs' motion to remand.  Dkt. 11.  Defendant opposes the motion.  Dkt. 12.  Having

22  read and considered the papers filed in connection with this matter and being fully

23  informed, the Court hereby GRANTS Plaintiffs' motion to remand, for the reasons stated

24  below.  The Court, in its discretion, finds this matter suitable for resolution without oral

25  argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

26  **I.    BACKGROUND**

27        Defendant is a Maryland corporation that installs, services, and repairs cash

28  dispensing machines and point of sale machines for clients throughout California.  Compl.

¶¶ 7, 11.  At all relevant times, Plaintiffs were employed by Defendant as non-exempt hourly customer engineers.  Id. ¶¶ 5-6, 12.  Plaintiffs commenced the instant wage and hour action against Defendant on behalf of themselves and a putative class of "all hourly, non-exempt, customer engineers and similar field employees . . . employed by Defendant within the State of California at any time during the period from four years prior to the filing of th[e] Complaint. . . ."  Id. ¶ 10.

The complaint alleges six claims for relief: (1) violation of California Business & Professions Code § 17200 et seq. ("UCL"); (2) failure to pay wages, including minimum wages and overtime pay, in violation of Labor Code §§ 1194 and 1194.2; (3) failure to provide meal periods in violation of Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order; (4) failure to provide rest periods in violation of Labor Code § 226.7 and the applicable IWC Wage Order; (5) failure to provide accurate itemized wage statements in violation of Labor Code § 226; and (6) failure to pay wages when due in violation of Labor Code §§ 201 and 202.  See Compl.  By this action, Plaintiffs seek, among other things: compensatory damages for unpaid wages and other compensation owed, liquidated damages, restitution, penalties, interest, attorneys' fees, and costs.  Id. at 14-15.

## II.   LEGAL STANDARD

### A.   Remand

A motion for remand is the proper procedure for challenging removal.  Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure.  See 28 U.S.C. § 1447(c).  A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "[R]emoval statutes are strictly construed against removal."  Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008).  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir.

2009).  As such, any doubts regarding the propriety of the removal favor remanding a case. See Gaus, 980 F.2d at 566.

**B.     Jurisdiction Under CAFA**

Under CAFA, district courts have original jurisdiction in any civil action where: (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (2) the aggregate number of proposed plaintiffs is 100 or greater; and (3) any member of the plaintiff class is a citizen of a State different from any defendant.  28 U.S.C. § 1332(d)(2); see also Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007).  CAFA also provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000."  Id. § 1332(d)(6).  The burden of establishing removal jurisdiction under CAFA lies with the proponent of federal jurisdiction.  Id. at 685.

Where, as here,[1] a plaintiff alleges that the amount in controversy in an action is less than the jurisdictional minimum of $5,000,000, the Ninth Circuit requires the defendant to demonstrate with "legal certainty" that the amount in controversy is more than $5,000,000. Lowdermilk, 479 F.3d at 999.  The "legal certainty" standard establishes that a defendant must provide sufficient "concrete evidence . . . to estimate" the actual amount in controversy.  Id. at 1001.  The "legal certainty" standard sets a "high bar for the party seeking removal, but it is not insurmountable."  Id. at 1000.

A court "cannot base [its] jurisdiction on [a] Defendant's speculation and conjecture."  Lowdermilk, 479 F.3d at 1002.  Nor can removal be based simply upon conclusory allegations.  Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 689 (9th Cir. 2006).  Rather, a defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum.  Id.; Gaus, 980 F.2d at 567. In determining whether the amount in controversy exceeds the statutory minimum of

_____

[1] The complaint alleges that "Plaintiffs' individual claims are less than $75,000 each and the claims of the proposed class are less than $5,000,000, inclusive of penalties, interest, attorneys' fees and costs."  Compl. ¶ 4; see id. at 15.

$5,000,000, courts are permitted to consider facts in the removal petition and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations.  See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).  If the defendant is unable to demonstrate with "legal certainty" that the amount in controversy has been met, the case must be remanded back to state court.  See 28 U.S.C. § 1447(c).

**III.   DISCUSSION**

Plaintiffs move to remand the instant action for lack of subject matter jurisdiction on the ground that Defendant has failed to demonstrate with "legal certainty" that the amount in controversy exceeds $5,000,000.  Pls.' Mtn. at 1.  Id.  In response, Defendant contends that subject matter jurisdiction exists because the amount in controversy is at least $5,289,320.20.  Notice of Removal ¶¶ 14-18, 20; Def.'s Opp. at 6, 10, 12, 14.  In calculating the amount in controversy, Defendant relies on the allegations in the complaint and the declaration of Jill Weitz, Defendant's Human Resources Vice President for Global Services.  See Weitz Decl., Dkt. 2.  Defendant's damages calculations are discussed below.

**A.   Unpaid Wages**

Defendant contends that Plaintiffs' second claim for unpaid wages under Labor Code §§ 1194 and 1194.2 is worth $2,683,669.56.[2]  Notice of Removal ¶ 15; Def.'s Opp. at 6.  In reaching this figure, Defendant asserts that approximately 374 non-exempt employees were employed in California by Defendant as customer engineers from February 21, 2008 to February 21, 2012 (i.e., the class period), and that the 374 employees worked "approximately 47,281 workweeks" during this period.  See Weitz Decl. ¶¶ 6, 8.  Defendant also asserts that the average overtime rate for the 374 putative class members is $28.38.  Notice of Removal ¶ 15; Def.'s Opp. at 6.  Based on these assertions, Defendant concludes that if the putative class members incurred two hours of overtime for each of the

---

[2] Defendant does not proffer a separate damages estimate with respect to its first claim for relief under the UCL.

workweeks in the class period at the overtime rate of $28.38, then the amount in controversy for this claim is $2,683,669.56 (47,281 workweeks x $28.38 x 2).  Notice of Removal ¶ 15.

The Court cannot credit Defendant's damages calculation.  In support of its assertion that the average overtime rate for the putative class members is $28.38, Defendant cites to paragraph eleven of Weitz's declaration  Def.'s Opp. at 6.  Weitz's declaration, however, only contains eight paragraphs and does not aver that the average overtime rate for the 374 non-exempt customer engineers employed by Defendant in California during the class period is $28.38.  See Weitz Decl.

Additionally, Defendant's calculation fails to take into account a prior wage and hour class action settlement that Defendant entered into during the class period.  While Defendant acknowledges that it was a party to a class action settlement in a case entitled "Teeter v. NCR Corporation, No. CV 08-00297 SGL," which "pertained to employees with the job title of 'customer engineer' who released various wage and hour claims through April 6, 2009,"[3] it failed to consider the Teeter settlement in calculating its damages estimates.  Because Defendant failed to consider the Teeter settlement in calculating the amount in controversy with respect to Plaintiffs' claim for unpaid wages, and because the class period in the instant action overlaps with the class period in the Teeter action, the Court cannot credit Defendant's calculations regarding the class size and the number of workweeks collectively worked by the putative class members during the class period.  Given the overlap in class periods and the general release in the Teeter settlement,[4] it is likely that Defendant has overstated the class size and/or the workweeks worked by the putative class members during the class period.

Finally, Defendant's assumption regarding the number of overtime hours worked by the putative class members lacks evidentiary support.  The complaint does not allege facts

---

[3] See Grover Decl., Exhs. A-B.

[4] See Grover Decl., Exh. A.

to support Defendant's assumption that the putative class members incurred two hours of overtime for each of the 47,281 workweeks in the class period.  The complaint alleges that certain class members worked an unspecified amount of overtime, but does not allege facts providing a basis to assume that two hours of overtime were worked during each of the workweeks in the class period.  Nor has Defendant cited any concrete "summary-judgment-type" evidence to support its assumption.  To the extent Defendant argues that it need not provide such evidence, the Court disagrees.  Defendant cannot simply rely on the allegations in the complaint to establish to a legal certainty that the Court has jurisdiction over this action.  Rather, Defendant must proffer concrete evidence demonstrating the actual amount in controversy to a legal certainty.  See Lowdermilk, 479 F.3d at 1001-1002; see also Bonnel v. Best Buy Stores, L.P.,--- F.Supp.2d ----, 2012 WL 3195081, at *5 (N.D. Cal. 2012).

**B.    Missed Meal Breaks and Missed Rest Periods**

Defendant contends that Plaintiffs' third and fourth claims for missed meal breaks and missed rest periods under Labor Code §§ 226.7 and 512 are collectively worth $1,789,113.04.  Notice of Removal ¶¶ 16-17; Def.'s Opp. at 10.  In arriving at this figure, Defendant asserts that the putative class members worked a total of 47,281 workweeks within the class period and their average hourly wage during this period was $18.92. Notice of Removal ¶¶ 16-17.  Defendant then assumes that there was one missed meal break and one missed rest period for each of the 47,281 workweeks.  Def.'s Opp. at 10. Based on this assumption, Defendant concludes that the amount in controversy with respect to Plaintiffs' claims for missed meal breaks and missed rest periods is $1,789,113.04 (47,281 workweeks x average hourly rate of $18.92 x 2).  Id.

The Court cannot credit Defendant's damages calculation.  Defendant did not cite any evidence establishing that the average hourly wage of the 374 putative class members is $18.92.  Moreover, Defendant admits that its damages calculation does not take into account the Teeter settlement.  Def.'s Opp. at 11.  As such, it is likely that Defendant has overstated the class size and/or the number of workweeks worked by the putative class

members during the class period.  Finally, Defendant's assumption that there was one missed meal break and one missed rest period for each of the 47,281 workweeks within the class period is not supported by concrete "summary-judgment-type" evidence.  The absence of concrete evidence leaves the Court to speculate about the amount in controversy.  Mere reliance on the allegations in the complaint is insufficient to establish to a legal certainty that Plaintiffs' claims for missed meal breaks and missed rest periods are collectively worth $1,789,113.04.  Lowdermilk, 479 F.3d at 1001-1002; see also Bonnel, --- F.Supp.2d ----, 2012 WL 3195081, at *5.

### C.   Inaccurate Wage Statements

Plaintiffs' first and fifth claims seek penalties for failure to provide accurate itemized wage statements under Labor Code § 226.[5]  Notice of Removal ¶ 14; Def.'s Opp. at 13. Defendant contends that Plaintiffs seek penalties in the sum of $489,600.  Id.  In reaching this figure, Defendant asserts that approximately 192 putative class members were employed from February 21, 2011 to February 21, 2012, and that each of these employees received 26 wage statements during this period.  Weitz Decl. ¶ 7.  Defendant then assumes that all 192 putative class members are entitled to recover $50 for the first pay period violation (1 x 192 x 50 = $9,600) and $100 for the 25 remaining pay periods in the year (25 x 192 x 100 = $480,000).

The Court cannot credit Defendant's damages calculation because it is predicated on an assumption that has no basis either in the complaint's plain language or in any "summary-judgment-type" evidence.  The complaint does not allege that every customer engineer that worked for Defendant during the relevant one-year period received inaccurate wage statements every pay period.  Nor has Defendant submitted any concrete evidence demonstrating to a legal certainty that each of the 192 putative class members that worked for Defendant during the relevant period received 26 inaccurate wage statements.  The

---

[5] The statute of limitations on a claim for penalties under § 226 is one year.  See Cal. Code Civ. Proc. § 340(a).

absence of concrete evidence leaves the Court to speculate about the amount in controversy.  See Lowdermilk, 479 F.3d at 1002 (a court cannot base its jurisdiction on speculation and conjecture).

### D.   Waiting Time Penalties

Plaintiffs' first and sixth claims seek waiting time penalties under Labor Code § 203.[6]  Notice of Removal ¶ 18.  Defendant contends that Plaintiff's seek penalties in the sum of $326,937.60.  Id.  In arriving at this figure, Defendant asserts that approximately 72 putative class members separated from Defendant between February 21, 2009 and February 21, 2012, and that the average hourly rate of pay for these employees at separation was $18.92 ($18.92 x 8 hours per day x 30 days x 72 putative class members = $326,937.60).  See Notice of Removal Notice ¶ 18; Weitz Decl. ¶ 6.  Defendant then assumes that the statutory maximum penalty of 30 days for every customer engineer who resigned or was terminated during the three years prior to the filing of the complaint.  Notice of Removal ¶ 18.

The Court cannot credit Defendant's damages calculation.  The only evidence submitted by Defendant in support of its calculation is Weitz's declaration, who avers that "72 [customer engineers] separated from NCR between February 21, 2009 and February 21, 2012 (all of those individuals terminated their employment more than 30 days prior to the date of the filing of Defendant's Notice of Removal).  The average hourly rate of pay at separation for those 72 former employees is $18.92."  Weitz Decl. ¶ 6.  Although Defendant's assumption that each employee who was terminated or resigned during the three-year statutory period is entitled to recover the full 30-day maximum penalty has a basis in the allegations of the complaint, see Compl. ¶¶ 68-71, Defendant has not submitted concrete "summary-judgment-type" evidence establishing to a legal certainty that each of

---

[6] The statute of limitations for waiting time penalties is three years.  Pineda v. Bank of Am., N.A., 50 Cal.4th 1389, 1398 (2010).

the 72 putative class members that were terminated or resigned during the relevant period are entitled to recover the full 30-day maximum penalty.

As noted above, Defendant has failed to take into account the <u>Teeter</u> settlement in calculating its damages estimates.  Def.'s Opp. at 13.  Thus, given the overlap in the class period in the <u>Teeter</u> settlement and the class period with respect to waiting time penalties, Defendant may have over-estimated the putative class members that are entitled to waiting time penalties by including employees who released claims under the <u>Teeter</u> settlement. Defendant did not proffer any concrete evidence showing to a legal certainty that all 72 employees were terminated or resigned outside the <u>Teeter</u> settlement class period.  Nor did Defendant submit any concrete evidence showing to a legal certainty that all 72 employees that were terminated or resigned during the relevant period are entitled to recover the maximum 30-day penalty.  The absence of concrete evidence leaves the Court to speculate about the amount in controversy.  <u>See</u> <u>Lowdermilk</u>, 479 F.3d at 1002 (a court cannot base its jurisdiction on speculation and conjecture).

### E.    Attorneys' Fees

Plaintiffs seek an award of attorneys' fees and costs under Labor Code §§ 226(e), 226(g), and 1194(a), and Code of Civil Procedure § 1021.5.  Compl. at 15.  Defendant estimates that attorneys' fees and costs would increase the amount in controversy by at least 25%.  Notice of Removal ¶ 19; Def.'s Opp. at 15.  However, because Defendant's attorneys' fee calculation is based on speculative damages calculations that are not supported by concrete evidence, Defendant's calculation cannot be credited.  <u>See</u> <u>Lowdermilk</u>, 479 F.3d at 1002 (a court cannot base its jurisdiction on a speculation and conjecture).

### F.    Summary

In sum, the Court concludes that Defendant has failed to sustain its burden to establish by a legal certainty that the amount in controversy exceeds $5,000,000. Accordingly, CAFA provides no basis for exercising jurisdiction in this case.  Therefore, Plaintiffs' motion to remand is GRANTED.

**IV.**   **CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.      Plaintiffs' motion to remand is GRANTED.  The instant action is REMANDED to the Superior Court of the State of California, County of Alameda.

2.      This Order terminates Docket 11.

3.      The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 2/8/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge